# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IVAN LEE MATTHEWS, II, | Case No.: 3:19-cv-00003-RCJ-CSD |
| Plaintiff | **Report & Recommendation of** |
| | **United States Magistrate Judge** |
| v. | |
| JO GENTRY, et al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action as a result of Plaintiff's failure to prosecute.

## I. BACKGROUND

Plaintiff was an inmate in the custody of the Nevada Department of Corrections (NDOC), when he filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 7.) The court screened his complaint, and allowed him to proceed with an Eighth Amendment excessive force claim against defendants Thrasher and Thompson. (ECF No. 6.) Defendant Thompson was subsequently dismissed without prejudice for failure to timely serve him under Federal Rule of Civil Procedure 4(m). (ECF No. 30.)

On August 26, 2021, Plaintiff filed a notice of change of address indicating that he was housed in the Los Angeles County Jail. (ECF No. 40.)

The court held a hearing on September 23, 2021, which Plaintiff appeared for telephonically. At that time, the court extended the dispositive motions deadline to

1  September 30, 2021. (ECF No. 43.)

2      On September 30, 2021, defendant Thrasher filed a motion for summary judgment, and

3  served the motion on Plaintiff at his address of record at the Los Angeles County Jail.

4  (ECF No. 44.) Plaintiff did not timely file a response. On November 17, 2021, the court *sua*

5  *sponte* gave Plaintiff an additional 30 days, until December 17, 2021, to file his response.

6  (ECF No. 50.) Again, Plaintiff did not timely file a response.

7      On January 12, 2022, the court issued an order to show cause why this action should not

8  be dismissed as a result of Plaintiff's failure to prosecute this action. The court gave Plaintiff 21

9  days, until February 2, 2022, to file a notice of intent to prosecute this action. He was cautioned

10  that a failure to do so would result in a recommendation that this action be dismissed.

11  (ECF No. 51.) Plaintiff did not file a response to the order to show cause.

## II. DISCUSSION

13      Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to

14  prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

15      Plaintiff has not indicated an intent to prosecute this action despite the court giving him

16  numerous opportunities to do so.

17      In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court

18  considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

19  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

20  disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v.*

21  *King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

22

23

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the Defendant risks prejudice the longer this case is carried on because "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and the evidence will become stale." *Id.* (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**, and **DENYING AS MOOT** Defendants' pending motion for summary judgment (ECF No. 44) and motion for leave to file exhibits under seal (ECF No. 45).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: February 3, 2022

_____
Craig S. Denney
United States Magistrate Judge